Good morning. May it please the court. My name is Peter Wolfe. I represent Mr. Kuo in this case. Pamela Thomas-Shirrell represents Ms. Wang, but I'll be taking care of the argument. And if the court has some questions regarding Ms. Wang's case that I can't answer, then obviously Ms. Thomas-Shirrell is here. The questions that are presented in this appeal all revolve around the issue of restitution that was ordered by the district court, but not at the time of sentencing. Rather, it was ordered in a post-judgment proceeding pursuant to several motions that were filed by the government, seriatim, as they discovered that in the first instance they were asserting a wrong statutory basis for restitution, and then they asserted a different statutory basis. And the district judge said that he couldn't discern their reasoning nor find sufficient proof, and then they augmented that, and eventually the district judge issued what sort of amounts to a freestanding order of restitution. Are you disputing that restitution is appropriate here? I'm not disputing that restitution would have been appropriate if it had been ordered at the time judgment was entered. And it's clear from the record that the judge... Let's assume, we'll come back to that, but just assuming the government clears that hurdle, then restitution would be appropriate. I understood you to be quarreling with the amount of restitution. Well, we're quarreling with the amount of restitution because of the nature of the proof and the nature of the measure of restitution that the government had urged, in which the district court eventually adopted, which was in effect, as the government calls it, the gross income value of the services rendered, or as... As I understand it, you would have it that you wind the clock back to China and say if these women had never been induced to come over and be forced into prostitution, the measure of their recovery would be what they could have earned in China. Well, what about if they... So that would be one way to go. Another way to go would be to say that they were induced to come over to work as sales clerks. What would they have received had it been a legitimate operation? They'd actually been employed to do what they were led to believe they were brought over to do. Right, and either... That would be a permissible way. I think that either of those approaches would be consistent with the teaching of this court in... What is the monetary difference? Has anybody done the numbers to figure out, in terms of dollar amount, what's in dispute here? Well, there's not... If you lose on the fact that there's got to be some restitution, all we're talking about is the amount. The record doesn't show anything about that, as far as... Well, I don't think the record does. I'm asking whether the parties have ever sat down to figure out, if you're right, that the restitution shouldn't be based on wages of sin, but an alternative would be your Chinese-based, China-based wages, or the wages in the true employment would be the alternative. Is the dollar amount on the latter significantly different from what the district court wound up... To tell you the truth, I don't know the answer. So, if we were to say, to follow up on Judge Fisher's question, if we were to conclude that the proper measure of restitution would be the amount that a sales clerk would have earned if they had been brought here for the promised kind of employment, there would have to be a further hearing to determine what those wages would have been in the locality at the time, or the minimum wages at least, or etc. There is a statement in the record that is uncontested that the minimum wage in American Samoa, I think it's something like $2.63, I'm not sure if I have the... but it's rather lower than the wage in the... Yes, I'm aware of that, but we don't know from this record whether a sales clerk at that time and place might have earned 5%, 10% more than the minimum wage. That's right, we don't know. We don't know, so if that were the proper measure of restitution, it would have to be remanded. I think that's right. Why shouldn't restitution be measured by a tort standard? These people were victims, they were locked up, they were kept in rooms, their schedule of work was mandated, they had no choice in it, they were physically abused, they sustained personal injuries, and you think an hourly rate is a way to measure damages? It's not that I think it, Your Honor, it's that Congress has said so, and the way that restitution is measured is according to the statutes, because district courts don't have any, and this court has said so, any inherent ability to award restitution, so you have to look at the statute and the interpretations of the statute that's applicable here, which is section 3663 of Title 18. It provides for lost income, right? 3663 says you can recover lost income. That's right. But what it doesn't say is that you measure it as a tort case would measure it, which is Judge Beezer's question, which would have to do with pain, suffering, mental anguish, and all sorts of things. Now, the restitution statutes do allow, in the factual record that supports it, the court to award, for example, costs for future medical expenses or future psychological treatment, but it's the government's burden in such a case to demonstrate that, number one, that treatment is necessary, and two, what it would cost, and that there was no effort made to do that. The only measure that the government ever pursued here was, as the court has said, or one of the judges said, the wages of sin, and I think the reason for that is the government was fundamentally mistaken when they started in thinking that this was a case where restitution was appropriate under section 1593 of Title 18, which it clearly isn't, because that section applies only to cases arising under that chapter, which is chapter 77. And which is Title 18, 1581 through 1595, and this isn't such a case. This is a case brought under Section 241 of Title 18. All right, so assume you're correct, then the remedy is what? Send it back to the district court to fashion the appropriate restitution based on the appropriate… If I'm correct on issue two, but if I think I'm also correct on issue one, which is that the district court has to order restitution at the time of sentencing. I don't understand that argument. I'll just have to be frank with you. When pronouncing sentence for Defendant Kuo, the court said that I will place funds from Defendant Kuo to the benefit of the victims under the victim restitution laws. And in sentencing Wang, the court said she's going to be compelled to assist to pay for certain enumerative, I think he means enumerated victim restitution matters. I don't see how the court could have been any clearer. And then also explained I'm not going to have a fine for these people because whatever money they have is going to go to those victims as restitution. I don't understand how the court could have been any clearer. Well, it could have been far clearer by saying the court imposes restitution in this matter and will take up the amount of it in hearing to be conducted within 60 days. Well, that's, you know, yes, it could have used those magic words. The question is whether the words that it did use didn't tell these defendants that they were going to pay restitution. I mean, it seems to me abundantly clear. Well, it's clear that the court intended to do it. But when you look at what the court said, which comes pretty close. I read it. It seems pretty clear. Well, we'll have to agree to disagree at that point. That's why we're here. Exactly. But if you look at the judgment, the court didn't check the boxes that say restitution is ordered, nor did it check, fill in the blanks in the fields for the names of the people to be. What is Ninth Circuit law when the oral pronouncement differs from the written? The oral pronouncement controls. So the check the box. You have to win on the, gee, it didn't sound like restitution to me in order to have the check the box help you. Well, no, it sounded like restitution, but it wasn't in order that restitution be paid. That's the difference. And I think that it's the difference that. So to say you're going to have to pay restitution, I'm going to compel you to pay restitution isn't an order of restitution. It doesn't convey that there's going to be an order of restitution. Well, I think there's a difference. And the reason why that difference, why that came about, here's how it came about. In some respects, it's not really the district judge's fault at all. As the court orders, because of certain factual findings, the probation officer in court, we're at ER Volume 2, page 92 here, dissents the quote. So the court's ordering the probation officer, I need a recalculation of the guidelines, because the court had made certain factual findings. And the probation officer says, yes, Your Honor. And then the government's lawyer says, while that is occurring, may I just raise one brief issue with the court? Sure, of course. And Ms. French says, there is mandatory restitution in this case. The government has not yet filed a motion, but I believe has 60 days to do that. The court, that's right. Well, actually, the statement is completely wrong. It's not right. First of all, it's not a mandatory restitution case. It's a discretionary restitution case, as it's under 3663, not 3663 capital A. But you're not arguing that the court didn't have the authority to impose restitution. I'm not arguing that. So what difference does it make if Ms. French was wrong? Here's the difference it makes. If it was a mandatory restitution case where the judge had to do it, then I think I would have to concede that having said that he intended to do it, and the law being that he had to do it, he got close enough. Even if he said nothing, if he had to do it, he had to do it. Except, well, except this. The government hasn't appealed. It would be an illegal sentence if he didn't do it, but the government never appealed. Well, why would they appeal? He didn't. He didn't do it. Well, that's your argument. We're going in circles. I bet you've been in the Ninth Circuit and argued that the written judgment is inconsistent with the oral pronouncement, and it's the benefit of my client that the oral prevail, and by golly, the fact that they didn't check the right box, he's bound by the oral pronouncement. Right. But that's because of the subject. Because he got notice. That's what the defendant knew at the time of the sentence. But it's also a slightly different argument, I think, which is that when you have that case, you have what amounts to, since the district judge himself isn't preparing these written judgments but is signing them, you have really the notion the judge said what he meant, and the clerk and the probation officer messed it up. The judge signed it without perhaps sufficient attention to the detail, and now it's right that the appellate court said, look, the oral judgment controls. Here you have the judge saying he intends to do it, but he's going to take up restitution within 60 days, which is not authorized if you don't impose it as part of the judgment, and then the judgment doesn't indicate that he did it. So if any part of the judgment having to do with restitution said, look, but there's a place to check, it's going to be determined later, or you could put in the victim's names, or you could put in the schedule of payment. And if he checked the box, it would have been okay then. It would have reduced the ambiguity to so fine a point that I wouldn't be here making the point. But I have about a minute and 30 seconds, a little more, so I think I'll save it if I can. You may do that. We'll hear from the jury. Good morning. My name is Karen Stevens. I'm an attorney with the Civil Rights Division, and I represent the United States this morning. I'd like to start with your questions about the lost income calculation and the requirement under 3663. Do you agree that 3663 is the appropriate? Yes, Your Honor, we do. That was an error in the first motion. This was not a mandatory restitution case. I think that part of the dispute here comes to what the defense attorney called wages of sin. This is not a request for wages of sin. This was not a prostitution case. This was a case under 18 U.S.C. 241. It was a civil rights case. The victims pled to a conspiracy to deny these women their right to be free from involuntary servitude. And the restitution in this case comes from that declaration. And the lost income in this case, we would argue, can reasonably be estimated or approximated by giving these victims, indeed, the income that they did not receive. They were held and coerced to perform commercial sex acts. Are you proposing net income or gross income? We are proposing that it's the gross income, Your Honor. It was the charges that the – No cost of doing business included. No, and we also aren't receiving – we are also not requesting some kind of disgorgement of all of the proceeds that these defendants recouped from, you know, whatever else happened in this enterprise. I understand why you would want to do that. But what I am having difficulty with is attaching what you want to do to the text of 3663, which is the authority for imposing restitution in this case. Yes, Your Honor. It's – Section 3663 does not define lost income. But it's income lost by the victim. It's income lost by the victim as a result of the offense. Well, what was lost here, if these folks had been brought here to do what they were promised, they would have been grocery checkers or grocery clerks or some kind of sales clerks, cashiers, in America some are. And that would have been legal. I mean, maybe there would have been problems with immigration or whatever, but leaving that aside, that would have been fine. They could have gone out and done that. That's what they thought they were coming to do. That doesn't mean that's their only injury emotionally and physically, clearly. But in terms of what the statute is referring to in lost income, isn't that what they lost, the opportunity to do lawful work that they were brought there to do? They lost that, but they also were, again, coerced and held. Again, it's not in the record, you know, how much time or what have you, and forced to perform these acts. And the money that was earned by what they did went to the defendants. And I don't think it was unreasonable and certainly not plain error for the district court in this circumstance to say that lost income could include the money that was earned by these women for their labor, and that they, again, it's in the record, they were not paid at all. I'm having a little trouble. I mean, I understand what you're trying to accomplish and what Judge Ezra moved by, I think. But as you say, it's lost by the victim as a result of such offense. And you said, well, the charge here wasn't prostitution, it was trafficking. And so what you're in a sense saying, though, if they were going to be put into the occupation of prostitute, then that's the income they lost. But you're saying, well, if this isn't a prostitution case. No, I think what we're saying that, again, what they were, the offense here was denial of the right to be free from involuntary servitude. They were coerced into this labor. And I think we would argue, I mean, it was prostitution. But if it had been another type of labor. Well, what would it be if, let's take the other side. Let's suppose that they were promised to be grocery clerks, but instead they were put in involuntary servitude and they simply scrubbed floors. They got nothing. Then what would be the measure of lost income in that case? Nobody got anything. I mean, I think in that case, I think, again, it would be reasonable for the district court to look at both of those and make a decision. Should it be, again, they were coerced. They did not receive any payment. What would they have received? Or what was the rate that, again, if they were, you know, not just asked to scrub floors, but sent out to scrub other people's floors and the defendants collected money for that, then they would argue. Well, his hypothetical was that they were simply slaves and nobody received anything. They just did not for the people. I mean, here's another hypothetical sort of at the other financial end of the spectrum. Let's say they were forced to deliver heroin. And $50 million was collected by forcing them to deliver these drugs and put their lives in danger with, you know, nasty drug dealers. Would they get the $50 million? Or would they get what they had been, what they could have earned as non-slaves during that period of time by lawful work? Again, I think it would be difficult to argue the value of the drugs, for instance, would be what was their lost income. But, again, some approximation of. But what you're doing, though, by saying that is that lost wages, that Congress intended that to cover unlawful wages, if you will, or unlawful payments for unlawful activities that they happened to have been dragged into. And that strikes me as being rather odd. Because, you know, the people who were slaves to scrub floors and those who delivered drugs, one would get $50 million, one would get nothing. And is that really the right measure? Or are you arguing that the district court has discretion to go across the range? I think the district court can consider what's an appropriate approximation in the case before it. And, again, this review, we would argue, is on plain error. Again, you know, it would be a much harder argument to make if there had been an award of $50 million based on that. Well, let's say they don't get $50 million, but they're mules. And mules traditionally get, in this jurisdiction, get $50,000 for doing these runs. That's a small percentage. It's probably inflated for mules. But, in any event, let's suppose it's $50,000. Then your position would be that, although they came expecting to make, you know, maybe $25,000 a year as sales clerks or whatever it would be, they got put into involuntary servitude. They wound up acting as runners on three runs. So they've now got $150,000 for this activity. They weren't otherwise abused. They were just held. There was, you know, no physical injuries, emotional distress. They just were put into this transport activity. And the district court could opt to give them $150,000, which would be a complete windfall, or the district court could take it into account and decide to go under this statute, could decide to go with what they would have made had they been employed as they were induced to come over to do. Is that what you're saying? It's a discretionary thing in the district court? I do think the district court has discretion, but I would argue, again, to come back to the case where we have, that this is, again, in an instance Congress has demonstrated, again, in the statute that was passed with trafficking, that in these kinds of coerced, these back scenarios that deal with coerced labor and where the defendants received some kind of financial gain from that coercion, that, you know, this is a method that can approximate the lost income. I agree, Judge Fischer, the scenario that you were laying out is troubling, and I think it differs somewhat when you remove some of the coercion. And you become, again, I think you might be able to argue in that case that perhaps, you know, again, I'm not sure, but it may be that the victim or the mule in that case, maybe there's a closer question about whether they're a participant or a victim. No, it isn't really that. I think that it may be you're having that conversation. The thing that I'm having trouble with is distinguishing between restitution for lost income, which is a make whole remedy, as if a bad thing hadn't happened to you, and disgorgement of the unlawful proceeds, which could be by nature of a fine or other things. In other words, the fact that it isn't included in restitution wouldn't preclude the district court from finding some other way to make sure that the defendant didn't profit. So it's not like an either-or thing, that if they don't get this money, well, maybe it is in this case because the court said there wasn't going to be a fine, but in theory, it's not the only way to make defendants pay, right? I would have to agree with that, Your Honor. There is the option also to impose a fine, but again, we would argue that certainly under plain error and in this case, the district court's decision did not rise to plain error in deciding that this was, again, a reasonable method to calculate the lost income. Here. The other thing, unless there are other questions, again, we would ask that the court affirm the decision below, and again, we agree that if you do not affirm that the remedy here would be to remand. We also wanted to point out, however, that part of the district court's order in this case involved awarding the victims $4,226 that had been seized from Mr. Clove's premises, and neither defendant has ever contested the award of that money as restitution to the victim. So we would submit that, again, the defendants have not contested the appropriateness of restitution, that the dispute and this appeal really deal with the amount and the calculation, and we would ask that any remand allowed or ordered that that money be awarded to the victims in this case as restitution. Thank you. Mr. Clove, you have some rebuttal time remaining. I should point out that as to this question of restitution, Clove, that's my client, we're here on plain error, but Mayim actually preserved this question, so she's not here on plain error because she protested in a written filing that the measure of restitution suggested by the government was not only illegal or unlawful, but also outrageous. So there's a distinction there that could make a difference. I think part of the problem in the discussion that just occurred is that the government basically seeks to have one of the potential measures of restitution which is permitted in a conviction under human trafficking, applied in this case, which doesn't involve a conviction for human trafficking, but involves a civil rights conspiracy conviction, because in 1593 of Title 18, which is the mandatory restitution applicable to human trafficking, the Congress starts out by saying, notwithstanding section 3663 or 3663A, in addition, the court shall order restitution. Then in subsection B3, the statute says, the term full amount of victims' losses has the same meaning as provided in section 2259, that's a child abuse statute, B3, and shall, in addition, include the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the Minimum Wage and Overtime Guarantees of the Fair Labor Standards Act. So I think it's possible to read that, if it was applicable in this case, which it isn't, to deal with the forced heroin mule case, although it would still seem to be an anomalous result and one unlikely to have been contemplated by Congress. But it's certainly not possible to read that statute into the meaning of 3663, because if it was, you wouldn't begin 1593 by saying, notwithstanding 3663 and 3663A. And the only final minor point I would say is that, well, maybe it's not minor, but we had three arguments, actually, here. I only dealt with two of them. If our third argument were to prevail, which has to do with the sufficiency of the evidence that was adduced, and it was not sufficient, then, of course, a remand wouldn't be appropriate. So if we were to prevail on that third argument, then there would be no necessity for a remand. Does the Court have questions? No, I think you don't. Thank you, Counsel. The arguments of both parties were very helpful. Thank you. The case argued is submitted.
judges: Beezer, Graber, Fisher